IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:03CR3014-1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| HA T. T. NGUYEN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody ("§ 2255 motion") filed by the defendant, Ha T. T. Nguyen ("Nguyen") (filing 310).[1]  The § 2255 motion was filed on April 4, 2005, within one year after Nguyen's judgment of conviction became final.

On October 30, 2003, Nguyen was sentenced to a term of 210 months' imprisonment, followed by 5 years of supervised release, after she pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute crack

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

cocaine. Nguyen appealed the sentence, which was affirmed by the United States Court of Appeals for the Eighth Circuit on August 27, 2004.

The only claim raised in the § 2255 motion is an allegation that Nguyen's "plea agreement was for 10 years and [she] was sentenced to 17½ years."[2] (Filing 310, paragraph 12A.) Essentially, Nguyen is complaining that her sentence was enhanced based upon findings that the court made regarding her criminal history and her role in the offense.

The Court of Appeals has already held that the 210-month sentence was proper, and, in particular, that the court did not err in finding that Nguyen had 3 criminal history points or in imposing a 3-level role enhancement. "It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir.) (quoting United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981), cert. denied, 540 U.S. 1094 (2003).

On the other hand, issues that could have been, but were not, raised on direct appeal are deemed waived (procedurally defaulted) and cannot be asserted for the first time in a § 2255 motion, absent a showing of cause and actual prejudice, or a showing of actual innocence. See Bousley v. United States, 523 U.S. 614, 622 (1998); Swedzinski v. United States, 160 F.3d 498, 500 (8th Cir.1998). Nguyen has not made either showing.

Nguyen claims that she did not understand what was happening at sentencing because she does not speak English very well. This does not constitute "cause" as

---

[2] In point of fact, the plea agreement informed Nguyen that by pleading guilty she could be sentenced "for not less than 10 years nor more than life imprisonment." (Filing 80, ¶ 1.)

defined by the Supreme Court, that is to say, something "external to the defense." Banks v. Dretke, 540 U.S. 668, 696 (2004). See Vasquez v. Lockhart, 867 F.2d 1056, 1058 (8th Cir. 1988) (pro se habeas petitioner's lack of familiarity with the English language and with the American court system was not "cause" for his failure to raise ineffective assistance of counsel claim in state court post-conviction proceeding). Thus, even if Nguyen's § 2255 motion might be construed as presenting some claim that was not previously decided on direct appeal, it is still barred by procedural default because Nguyen's attorney could have raised the claim on appeal. "[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." Bousley, 523 U.S. at 621.

IT IS ORDERED:

1. Defendant's § 2255 motion (filing 310) is dismissed; and
2. Judgment shall be entered by separate document.

DATED: May 5, 2005.

BY THE COURT:

s/ Richard G. Kopf
United States District Judge