IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:03CR3014 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| vs. | ) | |
| | ) | |
| HA T. T. NGUYEN, | ) | |
| | ) | |
| Defendant. | ) | |

    Upon initial review, I find and conclude that the defendant's second § 2255 motion must be denied because (1) it is untimely and (2) it is improperly successive. I briefly explain this decision in the following portion of this opinion.

## *Untimely*

    As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions. Section 2255 states in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

>    Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Absent a later triggering date under subsections (2)-(4) above, the one-year period for filing a § 2255 motion in federal court begins to run on the date the challenged judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review.  In this case, the defendant did appeal and the Court of Appeals denied her appeal on August 27, 2004.  (Filing 276.)  The mandate was filed on September 24, 2004.  (Filing 286.)  According to the records of the Court of Appeals,[1] the defendant did not seek review in the Supreme Court.

Thus, the 1-year statute of limitations began to run 90 days after the Court of Appeals decision became final.  Since this second motion for relief was not filed until March 24, 2006 (filing 344), and there are no factors extending the 1-year period, it is untimely.

To the extent that the defendant claims an impediment to filing a timely § 2255 motion because the prison at which she is incarcerated fails to provide her with a law library or a "qualified" legal assistant and because she is illiterate and does not speak English well (filing 344 at CM/ECF page 14), the files and records show this assertion is fanciful.  In the second motion, the defendant admits that the prison has a contract attorney available to her and that she has enjoyed the assistance of another inmate.  (Filing 344 at CM/ECF page 14.)

---

[1] See *Pacer* for Court of Appeals docket 03-3784.

Still further, the defendant claims that she was first placed at her present place of confinement on January 14, 2004 (filing 344 at CM/ECF page 14), where part of the impediment allegedly arose, yet she was able to file her first § 2255 motion on a timely basis on April 4, 2005. (Filing 310). As a result, the claimed impediment for this second § 2255 motion is not real.

### *Improperly Successive*

In addition, this is the defendant's second collateral attack on her conviction. (Compare filing 310 with filing 344.) I denied her first motion, and the Court of Appeals affirmed. (Filings 311, 312, 330 & 335.)

The AEDPA imposed procedural requirements on federal prisoners, like the defendant, who wish to file "second or successive" motions to vacate their sentences. The AEDPA amended 28 U.S.C. § 2244(b) to preclude the filing of any subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive application. 28 U.S.C. § 2255 provides that a second or successive § 2255 motion may not be filed without prior appellate court approval in the manner provided in 28 U.S.C. § 2244. The defendant's current § 2255 motion has not been certified by the Eighth Circuit Court of Appeals as required by law.

Accordingly,

IT IS ORDERED that:

1. The defendant's second § 2255 motion (filing 344) is denied because it is untimely and improperly successive.

      2.     A separate judgment will be entered in accordance with this Memorandum and Order.

      3.     The request to proceed in forma pauperis (filing 345) is granted.

      4.     The application for appointment of counsel (filing 346) is denied.

April 25, 2006.                      BY THE COURT:

                                          s /*Richard G. Kopf*
                                          United States District Judge