IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:03CR3014 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| HA T.T. NGUYEN, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

The defendant seeks a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 709[1] to the Guidelines. (Filing 409.) The motion will be denied for two independent reasons.

First, Amendment 709[2], effective November 1, 2007, came into being long after the defendant was sentenced in 2003,[3] and it is not listed as one of those amendments that the Sentencing Commission has made retroactive.[4]  Accordingly,

---

[1]She incorrectly describes this as "Amendment 12."

[2]*See* U.S.S.G. *Supplement to Appendix C*, at 235-241 (amendments to the *Guidelines Manual* effective November 1, 2004, through November 1, 2007) (Amendment 709).

[3]*See* filing 194 for the judgment. *See* filing 192 for the presentence report.

[4]U.S.S.G. § 1B1.10(c) (2008), *reprinted in Supplement to the 2007 Guidelines Manual*, at 2 (May 1, 2008) (policy statement listing amendments that are retroactive).  Observe that U.S.S.G. § 1B1.10(a)(2)(A) provides that a "reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c) if . . . none of the amendments listed in subsection(c) is applicable to the defendant . . . ." *Reprinted in Supplement to the 2007 Guidelines Manual*, at 1.

there is an insuperable statutory bar to relief.[5] *United States v Peters*, 524 F.3d 905, 906 (8th Cir. 2008) (Amendment 709 was not retroactive and the district court was therefore barred from applying it). Second, since the amendment did not change the way the Guidelines dealt with the crimes of child abuse, assault and stealing money or goods (the crimes that put that defendant into criminal history category II), Amendment 709 would not help the defendant even if it were retroactive.[6] Therefore,

IT IS ORDERED that the defendant's motion (filing 409) is denied. Since this is not a "crack cocaine" reduction motion, the Clerk shall correct the text of the docket entry for filing 409 by striking the present description and inserting the following: "Motion for Reduction of Sentence."

August 19, 2008.               BY THE COURT:

                               *s/Richard G. Kopf*
                               United States District Judge

---

[5]Since the Sentencing Commission did not make Amendment 709 retroactive, it would be inconsistent with the "applicable policy statements issued by the Sentencing Commission," and therefore inconsistent with the plain words of 18 U.S.C. § 3582(c)(2), to grant the defendant relief.

[6]*Compare* the presentence report, filing 192, PSR ¶¶ 54-56, *with* Amendment 709, U.S.S.G. *Supplement to Appendix C*, at 235-241.